■ In the Matter of JULIA JACARUSO, as Village Clerk, Appellant. JACK H. ROSENBERG, Respondent.—In a proceeding to declare invalid a petition seeking a referendum as to a certain local law, petitioner appeals from a judgment of the Supreme Court, Rockland County, entered July 17, 1978, which declared the petition valid and ordered that the referendum be held. Judgment reversed, on the law, without costs or disbursements, application granted and the petition is declared to be invalid. The proceeding concerns a petition for a permissive referendum pursuant to section 9-902 of the Village Law. The village clerk ruled that the petition did not contain the requisite number of signatures. However, this determination was overturned by Special Term, which found that the clerk had erred in computing the total number of requisite signatures and had incorrectly determined that a number of signatures were invalid. Under subdivision 1 of section 9-902 of the Village Law, a referendum is required if "there be filed with the village clerk a petition signed and acknowledged by electors of the village in number equal to at least twenty per centum of such electors in the village, *as shown on the register of electors for the previous general village election"* (emphasis supplied). In computing the total number of "electors in the village", Special Term excluded those individuals who had not in fact voted since 1975. This category included two subgroups—persons who had registered to vote in the village but did not appear on the county voting rolls, and persons whose names had been "purged" from the county lists pursuant to title 4 of article 5 of the Election Law (the "purge" list was not actually received by the village until after the last village election). Electors in these groups should not have been excluded by Special Term from the total number of electors since they were, in fact, "electors in the village, as shown on the register of electors for the previous general village election". When the disputed electors are included in the total number of electors, it is clear that the number of valid signatures on the petition for the referendum did not meet the statutory minimum. Moreover, Special Term erroneously declared valid those signatures which included only a first initial. Subdivision 8 of section 9-902 of the Village Law expressly requires that the "full name" be signed. We hold that for a signature to be deemed valid under

that provision, the name must be written out in the same manner as signed when the voter originally registered. Mollen, P. J., Hopkins, Titone and Shapiro, JJ., concur; Hawkins, J., not voting.